### GEORGE E. GATLING v. SAN AUGUSTINE COUNTY.

Decided February 28, 1901.

**Bond to County for Convict Hire—Surety Signing Conditionally.**

Where a bond for the hire of county convicts, duly executed to the county judge, was signed by appellant as surety on condition that he was not to become liable thereon unless it should be also signed by one K. as surety, and the county judge, knowing of such condition, accepted the bond without K.'s signature, appellant was not liable, the condition upon which he signed never having been fulfilled.

Appeal from San Augustine. Tried below before Hon. Tom C. Davis.

*Davis & Davis,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover the amount due upon a convict hire bond executed by W. M. Hunt, George Gatling, and W. A. Wall, and payable to the county judge of San Augustine County.

The defendant Gatling answered that he signed the bond as surety for the said W. M. Hunt, the principal therein, upon condition that the said Hunt would procure the signature of L. H. Knght to said bond as cosurety with said defendant; and that said bond was signed in the presence of the county judge of San Augustine County by the said Hunt and the defendant, and said county judge was fully informed and fully understood the conditions upon which the defendant signed said bond; that after said bond was so signed it was left with the said county judge with the distinct understanding that defendant was not to become liable thereon and the same was not to be considered as delivered until it was signed by the said L. H. Knight; that said Hunt never procured the signature of said Knight to said bond, which fact was known to said county judge at the time he accepted and approved same.

The uncontradicted evidence in the case sustains the averments of defendant's answer. At the time the bond was signed by appellant he and W. M. Hunt, the principal in said bond, were in the county judge's office. The county judge, Leo Bierhalter, wrote the bond and handed it to Hunt, who signed it and requested appellant to sign as one of his sureties. Appellant agreed to do this on condition that he was not to become liable on said bond unless Hunt also secured the signature of L. H. Knight as a surety thereon. The county judge heard this agreement and understood the condtion upon which appellant signed the bond. Appellant left the office after signing the bond, and did not know until this suit was filed that said bond had been accepted and approved by said county judge without having the signature of the said Knight thereto.

We think it clear that under these facts the appellant never became liable on said bond. It was not a complete and binding obligation upon appellant when he left it in the possession of the county judge, and

could only become so under the condition upon which appellant signed it, when it was signed by L. H. Knight. This condition never having been fulfilled, the instrument was never executed and delivered in such manner as to bind appellant, and can not be enforced against him. Smith v. Doak, 3 Texas, 215; Manufacturing Co. v. Powell, 78 Texas, 53. The judgment of the court below will be reversed and judgment here rendered in favor of appellant, and it is so ordered.

*Reversed and rendered.*